J-S49038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| S.P.R. | |
| Appellant | No. 69 WDA 2017 |

Appeal from the PCRA Order December 14, 2016
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s):  CP-65-CR-0000187-2002,
CP-65-CR-0003136-2001, CP-65-CR-0004843-2000,
CP-65-CR-0004844-2000

BEFORE: DUBOW, SOLANO, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:            **FILED AUGUST 21, 2017**

Appellant, S.P.R., appeals *pro se* from the order entered in the Westmoreland County Court of Common Pleas dismissing his third Post Conviction Relief Act[1] ("PCRA") petition as untimely.  Appellant claims that his petition was timely filed in light of the Pennsylvania Supreme Court's decision in ***Commonwealth v. Wolfe***, 140 A.3d 651 (Pa. 2016).  We affirm.

A previous panel of this Court summarized the facts and procedural posture of this case in the memorandum decision affirming the denial of Appellant's second PCRA petition.

> The facts and procedural history . . . were aptly summarized by this Court in the memorandum decision

_____
[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. § § 9541-9546.

affirming the denial of [A]ppellant's first PCRA petition, which we recite herein:

On August 29, 2002, [Appellant] entered a general plea to multiple counts of involuntary deviate sexual intercourse (IDSI) with persons less than thirteen and with persons less than sixteen years of age, sexual abuse of children, unlawful contact or communication with a minor, endangering the welfare of children, and corruption of minors and one count of criminal attempt, criminal solicitation, incest, aggravated indecent assault with persons less than thirteen and less than sixteen years of age, recklessly endangering another person (REAP), trademark counterfeiting, and criminal attempt. On January 28, 2003, the trial court sentenced him to not less than twenty-five nor more than one hundred and twenty-two years' incarceration. The trial court also found him to be a sexually violent predator pursuant to Megan's law.

After sentencing, [Appellant] was granted new counsel, who, in turn, filed post-sentence motions to withdraw the guilty plea. On June 27, 2003, the trial court granted the motion to withdraw on the grounds that [Appellant] was not properly advised that he could receive consecutive sentences. [Appellant's] counsel filed pretrial motions, which were subsequently denied by the trial court.

On February 9, 2004, [Appellant] pleaded guilty to four counts of IDSI, one count of criminal attempt to commit IDSI, fifteen counts of sexual abuse of children, five counts of unlawful contact or communication with minors, three counts of endangering the welfare of children, one count of incest, four counts of REAP, two counts of aggravated indecent assault, and one count of trademark counterfeiting. [He was sentenced on May 27, 2004, to an aggregate term of imprisonment of [ ] 24 years to 65 years.] The trial court also determined [Appellant] to be a sexually violent predator pursuant to Megan's Law. He filed post-sentence motions, which were subsequently denied.

He appealed to this Court, and we affirmed the judgment of sentence on August 5, 2005. ***Commonwealth v. S.P.R.***, [885 A.2d 581 (Pa. Super. 2005)].

On October 5, 2005, [Appellant] filed a petition with the PCRA court to appeal this Court's affirmation *nunc pro tunc*. The PCRA court denied the petition. He appealed, and we reversed and remanded for an evidentiary hearing to determine why an application for allowance of appeal to the Supreme Court was not filed. ***Commonwealth*** v. [***S.P.R.***, 907 A.2d 1138 (Pa. Super. 2006)]. [Appellant] was appointed new counsel for the evidentiary hearing held on November 7, 2006[;] afterward, the PCRA court granted the petition and permitted him to appeal to our Supreme Court. On April 25, 2007, our Supreme Court denied his petition. [***Commonwealth v. S.P.R.***, 921 A.2d 496 (Pa. 2007)].

On or about April 28, 2008, [Appellant] filed a *pro se* PCRA petition alleging numerous claims of ineffective assistance of counsel. The PCRA court appointed counsel. Following review, counsel filed a "no merit" letter. On October 30, 2008, the PCRA court issued notice of intention to dismiss the PCRA petition as per Pa.R.Crim.P. 907. On November 20, 2008, the PCRA court denied the petition and permitted counsel to withdraw from representation. [Appellant] filed a motion for extension of time to file an amended PCRA petition that was received on that same date. The PCRA court denied his request. He filed a timely notice of appeal.

***Commonwealth v. S.P.R.***, 988 A.2d 728 (Pa. Super. 2009) (unpublished memorandum, October 22, 2009, at pp. 1-3). On appeal, [A]ppellant challenged the voluntariness of his guilty plea, and the ineffective assistance of both plea counsel and PCRA counsel. This Court, however, affirmed the order denying PCRA relief. ***See: id.*** Appellant, thereafter, filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on April 1, 2011. ***Commonwealth v. S.P.R.***, [ ] 20 A.3d 486 ([Pa.] 2011). The Court also

denied [A]ppellant's subsequent petition for reconsideration by order dated May 2, 2011. On June 29, 2011, [A]ppellant filed his second PCRA petition, *pro se*. On July 26, 2011, the trial court issued [A]ppellant notice, pursuant to Pa.R.Crim.P. 907, of its intention to dismiss the petition as untimely filed. Although [A]ppellant filed a response to the court's notice, the trial court, by order dated August 15, 2011, dismissed the PCRA petition as untimely filed. This timely appeal followed.

\* \* \*

**Appellant's judgment of sentence became final on July 24, 2007, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal and the time for filing a petition for *certiorari* in the United States Supreme court had expired. *See*: 42 Pa.C.S. § 9545(b)(3); United States Supreme Court Rule 13. Thus, [A]ppellant had until July 24, 2008, to file a timely PCRA petition, and the instant petition, filed nearly three years later, was manifestly untimely absent [A]ppellant's ability to prove that one of the exceptions to the timing requirements apply.**

\* \* \*

Here, as part of a multi-count, negotiated plea, [A]ppellant, on February 9, 2004, entered a guilty plea to one count of trademark counterfeiting, 18 Pa.C.S. § 4119. On October 5, 2009, however, the Pennsylvania Supreme Court in **Commonwealth v. Omar**, [ ] 981 A.2d 179, 189 ([Pa.] 2009), declared the statute "unconstitutionally overbroad."

\* \* \*

Appellant filed an appeal from the trial court's denial of his first PCRA petition on December 29, 2008. We affirmed the trial court's decision on October 22, 2009, and following our denial of reargument, [A]ppellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court on April 2, 2010. Thereafter, the Supreme Court (1) denied [A]ppellant's petition for allowance of appeal on April 1, 2011, and (2) denied [A]ppellant's

- 4 -

subsequent petition for reconsideration on May 2, 2011. Appellant filed the present PCRA petition less than 60 days later, on June 29, 2011.

\* \* \*

[I]n the present case, the sixty-day period for filing a second PCRA petition pursuant to one of the time-for-filing exceptions began to run on the date the Pennsylvania Supreme Court denied [A]ppellant's petition for reconsideration, that is, on May 2, 2011, and his present petition was timely filed pursuant to § 9545(b)(2). . . .

Here, it is undisputed that the Pennsylvania Supreme Court in *Omar*, *supra*, held that the trademark counterfeiting statute, 18 Pa.C.S. § 4119, was unconstitutionally overbroad . . . . Thus, we are compelled to reverse [A]ppellant's conviction of trademark counterfeiting.

\* \* \*

Appellant received "no further sentence" for his guilty plea to the count of trademark counterfeiting. . . . Thus, the abrogation of the conviction for trademark counterfeiting does not disturb the sentencing scheme envisioned by the trial court, and, by extension, does not upset the parameters of the negotiated agreement entered into by [A]ppellant and the Commonwealth.

\* \* \*

In conclusion, . . . we must reverse the judgement of . . . sentence for [the crime of trademark counterfeiting]. In all other respects, we affirm the order of the trial court denying [A]ppellant PCRA relief.

*Commonwealth v. S.P.R.*, No. 1414 WDA 2011 at 2-4, 6-10, 14 (Pa.

Super. filed May 1, 2012) (unpublished memorandum) (emphasis added).

Appellant filed a petition for allowance of appeal which was denied on

January 28, 2013. *Commonwealth v. S.P.R.*, 377 WAL 212 (Pa. filed Jan. 28, 2013).

Appellant filed the instant PCRA petition on August 15, 2016. *Id.* On October 28, 2016, the PCRA court filed a notice of intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. *Id.* at 39. Appellant filed a response to the notice on November 9, 2016. On December 14, 2016, the PCRA court dismissed the PCRA petition. This timely *pro se* appeal followed.

Appellant raises the following issues for our review:

> I. Whether the record and law supports the lower court's ruling that Appellant's PCRA petition was untimely, lacked merit and could not meet the statutory exceptions governing an untimely PCRA petition?
>
> II. Whether the lower court erred by ruling an attempt to raise an exception to an untimely PCRA petition must be filed within 60 days of a Superior Court decision?

Appellant's Brief at 4.

As a prefatory matter, we consider whether the PCRA court had jurisdiction to entertain the underlying PCRA petition. Appellant contends the court had jurisdiction to entertain his PCRA petition based upon his filing of the petition within sixty days of the Pennsylvania Supreme Court's decision in *Wolfe*. Appellant's Brief at 8, 12.

On appellate review of a PCRA ruling, "we determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008).

We . . . turn to the time limits imposed by the PCRA, as they implicate our jurisdiction to address any and all of [a]ppellant's claims. To be timely, a PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence became final, unless the petition alleges and the petitioner proves one or more of the following statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section **and has been held by that court to apply retroactively**.

42 Pa.C.S. § 9545(b)(1).

We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies. In addition, a petition invoking any of the timeliness exceptions must be filed within 60 days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2). . . .

*Id.* at 719-20 (some citations omitted and emphasis added).

Our Supreme Court

has repeatedly stated that the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely PCRA petitions. In addition, we have noted that the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act. We have also

recognized that the PCRA's time restriction is constitutionally valid.

***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003) (citations and quotation marks omitted).

In ***Wolfe***, the "[a]ppeal was allowed to assess the validity of the Superior Court's *sua sponte* determination that a sentencing statute is facially unconstitutional under ***Alleyne v. United States***, [ ] 133 S.Ct. 2151, [ ] (2013)." ***Wolfe***, 140 A.3d at 653. This Court held that the ten year mandatory minimum sentence for IDSI was facially unconstitutional. ***Id.*** at 655. The Pennsylvania Supreme Court affirmed the order of the Superior Court. ***Id.*** at 663.

"This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases."[2] ***Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014) (citation omitted). In ***Commonwealth v. Washington***, 142 A.3d 810 (Pa. 2016), the Pennsylvania Supreme Court addressed the issue of "whether the Supreme Court of the United States' decision in ***Alleyne*** . . . applies retroactively to attacks upon mandatory minimum sentences advanced on collateral review." ***Id.*** at 811. The ***Washington*** Court held that "***Alleyne*** does not apply retroactively to cases pending on

---

[2] We note that Appellant's judgment of sentence became final on July 24, 2007. ***Alleyne*** was decided on June 17, 2013.

collateral review, and that [the a]ppellant's judgment of sentence, therefore, is not illegal on account of **Alleyne**." **Id.** at 820.

It is undisputed that Appellant's third PCRA petition is untimely on its face. Following our review of the relevant law, we agree with the PCRA court that Appellant failed to establish a timeliness exception based on the rights recognized in **Alleyne** and the Pennsylvania cases applying **Alleyne**. **See** PCRA Ct. Order, 12/14/16.[3] As discussed above, neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that **Alleyne** is to be applied retroactively to cases pending on collateral review. **See Washington**, 142 A.3d at 820. Appellant's citation to **Wolfe** does not establish a timeliness exception; therefore, the PCRA court lacked jurisdiction. **See Robinson**, 837 A.2d at 1161. We find the PCRA court's ruling is supported by the record and free of legal error. **See Marshall**, 947 A.2d at 719. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

---

[3] The PCRA court incorporated its October 28, 2016 Notice of Intention to Dismiss Motion for Post-Collateral Relief as its opinion. **See id.** at 3-4.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  8/21/2017